ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>APELADA(S)<br><br>V.<br><br>**WILLIAM L. HIRALDO MEDINA**<br>APELANTE(S) | KLAN202200941 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **FAJARDO**<br><br>Caso Núm.<br>**NSCR201501160**<br>**al NSCR201501161**<br><br>Sobre:<br>Art. 5.04 Ley 404<br>Art. 5.15 Ley 404 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente.

# SENTENCIA

En San Juan, Puerto Rico, hoy día 23 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **WILLIAM L. HIRALDO MEDINA** (señor **HIRALDO MEDINA**) mediante un *Recurso Apelación Criminal* incoado el 28 de noviembre de 2022. En su escrito, nos interpela para que revisemos la *Sentencia Enmendada* decretada el 25 de octubre de 2022 por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo.[1] Ello luego de aceptarse el veredicto unánime del jurado, en el cual se le encontró culpable por los delitos del Art. 5.04 y Art. 5.15 de la *Ley de Armas de Puerto Rico,* y se le impuso una pena de forma consecutiva para un total de quince (15) años de prisión.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 27 de octubre de 2022. Inicialmente la *Sentencia* fue emitida el 7 de septiembre de 2022 y posteriormente enmendada el 25 de octubre de 2022, a los únicos efectos de eliminar la doble pena impuesta en virtud del Art. 6.01 de la Ley de Armas. Véase Apéndice de *Recurso Apelación Criminal,* pág. 1.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El señor **HIRALDO MEDINA** fue hallado culpable por los delitos del Artículo 5.04 y 5.15 de la *Ley de Armas de Puerto Rico*.[2] En consecuencia, en la audiencia celebrada el 7 de septiembre de 2022, el foro de instancia le sancionó a una pena total de quince (15) años de reclusión. Además, le eximió del pago de la pena especial para las víctimas de delito y ordenó su traslado inmediato a una institución.

Así las cosas, el 28 de noviembre de 2022, el señor **HIRALDO MEDINA** instó un *Recurso Apelación Criminal* ante este foro apelativo solicitando la revocación de la *Sentencia Enmendada* y planteando los siguientes errores:

> Erró el Honorable Panel de Jurados con su veredicto de culpabilidad ante una prueba contradictoria, insuficiente en derecho y carente de crédito, que no derrotó la presunción de inocencia. No se presentó prueba alguna para corroborar las alegaciones de un testigo cooperador. El único testigo que conectó al apelante con hechos brindo un testimonio carente de crédito y contradictorio.

> Erró el Honorable Tribunal de Primera Instancia como cuestión de derecho al dictar sentencia en este caso cuando el caso principal un cargo de Asesinato en Primer Grado todavía está pendiente de juicio en el TPI. Ello provocará que el apelante se tenga que defender del mismo caso, en dos foros distintos simultáneamente, en violación al debido proceso de ley.

A esos efectos, el 13 de diciembre de 2022, este foro intermedio prescribió *Resolución* en la cual, entre otras cosas, le requirió al señor **HIRALDO MEDINA** obtener la regrabación de la(s) audiencia(s) celebrada(s) a los fines de reproducir la transcripción de la prueba oral (TPO) a ser presentada estipulada ante este foro. Para ello, se concedió un período perentorio de treinta (30) días.

Por su parte, el 20 de diciembre de 2022, el señor **HIRALDO MEDINA** presentó una *Moción Cumplimiento de Orden* acreditando la notificación del

---

[2] Ley Núm. 404 de 11 de septiembre de 2000, según enmendada. 25 LPRA § 455. Actualmente derogada. Ley Núm. 168 de 11 de diciembre de 2019, *Ley de Armas de Puerto Rico*, según enmendada. 25 LPRA § 461.

recurso a las partes del caso. Posteriormente, el 27 de febrero de 2023, se determinó *Resolución* requiriéndole al señor **HIRALDO MEDINA** acreditar si había solicitado y/u obtenido la regrabación de la(s) audiencia(s) y para ello, se concedió un plazo perentorio de siete (7) días.

El 10 de marzo de 2023, el señor **HIRALDO MEDINA** presentó su *Moción en Cumplimiento de Orden* informando que estaba haciendo las gestiones para adquirir físicamente la transcripción de la prueba. Por lo que, solicitó un término de treinta (30) días. En ese sentido, el 14 de marzo de 2023, se pronunció *Resolución* en la cual se accedió a una extensión perentoria de treinta (30) días para presentar la transcripción, exposición estipulada o exposición narrativa de la prueba testifical vertida ante el foro primario.[3]

El 8 de mayo de 2023, el señor **HIRALDO MEDINA** presentó *Moción Presentando Proyecto Exposición Narrativa.*[4] Al día siguiente, el 9 de mayo de 2023, emitimos *Resolución* en la cual concedimos un plazo de diez (10) días para exponer por escrito las razones por las cuales no debía desestimarse la causa de acción por falta de interés, abandono e incumplimiento de las órdenes de este tribunal intermedio. El 11 de mayo de 2023, se dictaminó *Resolución* en la cual se le requirió al señor **HIRALDO MEDINA** cumplir con nuestra *Resolución* de 9 de mayo de 2023.

Al día siguiente, el 12 de mayo de 2023, el señor **HIRALDO MEDINA** presentó *Moción Cumplimiento Orden y Solicitud de Remedio.* El 1 de junio de 2023, se dictó *Resolución* concediendo plazo perentorio de quince (15) días para examinar el proyecto de transcripción de prueba oral a **EL PUEBLO DE PUERTO RICO.** El 15 de junio de 2023, **EL PUEBLO DE PUERTO RICO** presentó *Solicitud de Término Adicional.* Por ende, el 26 de junio de 2023, se intimó *Resolución* en la cual se declaró ha lugar la solicitud de prórroga y se concedió un plazo final de cuarenta y cinco (45) días para examinar el proyecto de transcripción de prueba oral y exponer si estipula, tiene alguna enmienda u

---

[3] La *Resolución* fue notificada y archivada en autos en la misma fecha, 14 de marzo de 2023. Por lo que, el término conferido venció el 13 de abril de 2023.

[4] Este escrito fue traído a nuestra atención el 9 de mayo de 2023.

objeta la misma. Por consiguiente, el 3 de agosto de 2023, EL PUEBLO DE PUERTO RICO presentó *Moción en Cumplimiento de Orden para Informar Enmiendas a la Exposición Narrativa de la Prueba Oral*. El 9 de agosto de 2023, se expidió *Resolución* confiriéndole un término de diez (10) días para examinar las enmiendas o correcciones sugeridas al proyecto de exposición de la prueba oral al señor HIRALDO MEDINA y se apercibió que de no comparecer se darían por admitidas las enmiendas o correcciones. Transcurrido el período de diez (10) días, el 18 de septiembre de 2023, se emitió *Resolución* en la cual se acogió la exposición estipulada de la prueba oral.

Después, el 25 de septiembre de 2023, el señor HIRALDO MEDINA presentó *Moción Desistimiento Recurso de Apelación*. Alegó que el señor HIRALDO MEDINA había realizado una alegación pre-acordada en su caso sobre cargo de asesinato en primer grado. Por consiguiente, el 2 de octubre de 2023, decretó *Resolución* requiriendo cumplir con la Regla 83 (A) del Reglamento del Tribunal de Apelaciones dentro de veinte (20) días. Más tarde, el 26 de octubre de 2023, se dispuso *Resolución* concediendo un plazo final de diez (10) días para el acatar la Regla 83 (A) del Reglamento del Tribunal de Apelaciones. A los pocos días, el 10 de noviembre de 2023, el señor HIRALDO MEDINA presentó *Moción Informativa sobre Desistimiento Recurso*. Argumentó que el 18 de septiembre de 2023, el señor HIRALDO MEDINA hizo alegación de culpabilidad por el delito de asesinato y expresó para récord que iba desistir del recurso de apelación por lo beneficioso del acuerdo y reducción del cargo de asesinato. El 18 de diciembre de 2023, se determinó *Resolución* en la cual se reiteró la observancia de la Regla 83 (A) del Reglamento del Tribunal de Apelaciones. Al día de hoy, el señor HIRALDO MEDINA **no** ha presentado contención alguna.[5]

---

[5] Es menester señalar que el 20 de octubre de 2021, un panel hermano dictaminó *Resolución* mediante la cual denegó la expedición del auto de *certiorari* peticionado por el señor HIRALDO MEDINA. Ello, por no haberse demostrado que el foro de instancia hubiera incurrido en error, perjuicio o parcialidad en su dictamen. Tampoco se encontró que hubiese cometido un abuso de discreción, o equivocado en la interpretación o aplicación de una norma procesal. Véase, **KLCE202101190**.

## - II -

Al examinar nuestro legajo, nos percatamos que, pese a las tres (3) oportunidades concedidas, no se ha presentado el petitorio de desistimiento conforme lo requiere nuestro ordenamiento jurídico, pues incumple con las disposiciones del *Reglamento del Tribunal de Apelaciones:* estar acompañado de declaración jurada de la persona acusada.[6] Específicamente, la Regla 83 de nuestro Reglamento dispone:

> *Regla 83 — Desistimiento y desestimación*
> (A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento.
> **En casos criminales, la moción de desistimiento deberá venir acompañada de una declaración jurada de la persona acusada, indicando su intención de desistir**.
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) **que no se ha presentado o proseguido con diligencia o de buena fe**;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
> (D) Las resoluciones que emita el Tribunal de Apelaciones bajo esta regla deberán ser fundamentadas.
> (E) Cuando se presente un recurso prematuro por estar pendiente de resolver una moción de reconsideración ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones podrá, a petición de parte o motu proprio, tomar medidas mientras se dilucida la moción de reconsideración para facilitar el trámite apelativo posterior en aras de la economía procesal y de la reducción de costos de las partes.

En definitiva, el reiterado incumplimiento del señor HIRALDO MEDINA denota su falta de diligencia para la consecución de su solicitud de desistimiento. Por lo que, la falta de diligenciamiento de la declaración jurada e incumplimiento de las órdenes para el perfeccionamiento del desistimiento amerita su desestimación.

---

[6] 4 LPRA XXII – B. Las notificaciones

**- III -**

Por lo fundamentos antes expuesto, y en conformidad con la Regla 83 (B) (3) y (C) del Reglamento del Tribunal de Apelaciones, *desestimamos* el *Recurso Apelación Criminal* entablado el 28 de noviembre de 2022 por el señor **HIRALDO MEDINA**; y ordenamos el cierre y archivo del presente caso.

Notifíquese al(a la) señor(a) **WILLIAM L. HIRALDO MEDINA** quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación a: Institución Bayamón 292 Carretera #50 Unit 700-607073 Industrial Luchetti Bayamón, PR 00960-7403 o en cualquier institución en donde se encuentre.

**Regístrese y notifíquese a las partes y sus respectivas representaciones legales, si alguna.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones